IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

      Plaintiff,

v.                                          CIVIL ACTION NO. 2:23-cv-00555

EVERETT FRAZIER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is assigned to the undersigned United States Magistrate Judge by consent of the parties pursuant to 28 U.S.C. § 636(c). (*See* ECF Nos. 18, 19, 20). For the reasons explained more fully herein, **IT IS ORDERED** that this civil action is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

**I.    BACKGROUND**

Plaintiff Jay Folse ("Plaintiff"), proceeding pro se, filed this civil action on August 17, 2023 (ECF No. 1), and filed the operative *Amended Complaint* on August 28, 2023 (ECF No. 6). Therein, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 against Defendant Everett Frazier ("Defendant"), in his individual and official capacity as Commissioner of the West Virginia Department of Motor Vehicles, alleging that Defendant violated Plaintiff's due-process rights when Plaintiff's driver's license was

allegedly suspended without proper notice. Plaintiff also seeks a declaratory judgment finding that the State's policies and procedures violate due process insofar as they do not require sufficient notice of an impending suspension and do not require a pre-deprivation hearing. *See id.*

Defendant filed his responsive pleading on September 22, 2023. (ECF No. 9). Thereafter, the undersigned entered an *Order and Notice* requiring the parties to, *inter alia*, file their report of Rule 26(f) meeting by October 20, 2023. (ECF No. 11). However, the parties failed to file a timely Rule 26(f) report as required, and neither party sought relief from the Order or otherwise explained their noncompliance. Accordingly, the undersigned entered an *Order to Show Cause* on October 27, 2023, requiring *inter alia* that Plaintiff show cause why this matter should not be dismissed for failure to prosecute and/or failing to obey the directives of this Court. (ECF No. 12). Plaintiff responded that opposing counsel was to blame, "in refusing to cooperate and communicate with the Plaintiff . . . [w]ithin this action and many others[.]" (ECF No. 16 at 3). Plaintiff also blamed the Court's requirement that he personally sign his Court filings and the Court's denial of Plaintiff's request to make electronic filings. *See id.* Notably, Plaintiff did not explain therein why he failed to request additional time or otherwise raise these difficulties prior to the deadline to file the Rule 26(f) report. Nevertheless, the undersigned permitted the parties to proceed and to submit their joint report out-of-time. (*See* ECF Nos. 17, 18, 19).

Ultimately, the undersigned entered the operative *Amended Scheduling Order* on March 7, 2025, pursuant to which discovery is set to close on August 29, 2025. (ECF No. 21). Subsequently on May 19, 2025, as certain discovery deadlines drew near and in light of the parties' prior issues, the undersigned entered an *Order* requiring each party to file

a separate Status Report by "no later than 4:00 p.m. EST on June 9, 2025, outlining the progress of discovery in this matter and identifying any issues which may affect the operative *Amended Scheduling Order*." (ECF No. 23). The undersigned's *Order* specifically notified the parties that failure to comply with the directives therein could result in dismissal pursuant to Rule 41(b). *Id.*

Despite the undersigned's warning, Plaintiff did not file a timely Status Report. Nor did Plaintiff seek additional time to submit a Status Report or otherwise seek relief from the directives of the undersigned's *Order* prior to the deadline therein.

Defendant's counsel duly filed a timely Status Report on June 9, 2025. (ECF No. 24). Therein, Defendant asserts that Plaintiff "has not made an appearance or filed anything substantive in this matter since November of 2023," and "has not engaged Defendant through discovery in this matter, nor has he provided any information in accordance with the Rule 26(a)(1) disclosure as that has never been filed" to date. *Id.* at 2. Defendant concludes that, "[b]ased upon the failure of Plaintiff to participate in the litigation of this matter, his lack of adherence to the applicable Rules and Order(s) of this Court this matter is ripe for the entry of a Rule 41(b) dismissal of this matter as the only activity which has taken place has been by the Court and Defendant." *Id.* at 3.

## II.   **DISCUSSION**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Even in the absence of a motion, district courts have inherent authority to dismiss actions for failure to prosecute *sua sponte*." *Gray v. Philadelphia Contributionship*, 1:24-cv-0897, 2025 WL 1167939, at *1 (D. Md. Apr. 22, 2025) (citing *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019),

3

*as amended* (June 10, 2019); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them," and to protect the orderly administration of the docket. *Ramsey v. Rubenstein*, 2:14-cv-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016).

In deciding whether to exercise its discretion to dismiss a case for failure to prosecute, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is a harsh sanction which should not be invoked lightly, the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). Importantly, the Fourth Circuit explained that "the district court should dismiss the case" when a plaintiff "has ignored an express warning that noncompliance with a court order will result in dismissal." *Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 Fed. App'x 228, 229 (4th Cir. 2013)

(per curiam) [hereinafter *Graves*]).

First, dismissal is proper pursuant to *Graves*, because—by failing to file an initial Rule 26(f) report, and then failing to file a timely status report—Plaintiff has *twice* ignored an express warning that he could face dismissal of this civil action if he failed to comply with a court order. Most recently, the undersigned's May 19, 2025 *Order* expressly notified Plaintiff that failure to file his status report by 4:00 p.m. on June 9, 2025 could result in dismissal for failure to prosecute pursuant to Rule 41(b). (*See* ECF No. 23). Simply put, because Plaintiff has once against ignored an express warning of the consequences for noncompliance, dismissal is proper.

Furthermore, upon consideration of the four *Hillig* factors, the Court concludes that dismissal with prejudice is warranted. First, Plaintiff's degree of personal responsibility for failing to participate is high, and his behavior fits into a pattern of proceeding in a dilatory fashion. This is the *second* time that Plaintiff has ignored a Court deadline in this case, as Plaintiff previously failed to submit a timely Rule 26(f) report as initially ordered to do. Although Plaintiff is proceeding pro se in this civil action, he is a prolific litigant and has been advised on countless occasions by this Court that his pro-se status does not excuse him from obeying the applicable procedural rules as well as the Orders of this Court. As the U.S. District Court for the District of Maryland noted under similar circumstances in *Gray*, "even pro se parties are not exempt from the basic requirement that they prosecute their action." *Gray*, 2025 WL 1167939, at *2.

As for prejudice, while the Court notes that Defendant has not suffered any severe or unusual costs in this case, Defendant has had to engage in months of litigation, all while Plaintiff chose not to participate. Finally, nothing less than dismissal with prejudice is sufficient, because Plaintiff has repeatedly ignored warnings from the Court about this

exact sanction and continues to ignore the specific directives of this Court. *See Attkisson*, 925 F.3d at 625 ("This Court has previously upheld an involuntary dismissal under Rule 41(b) where the plaintiff failed to respond to a specific directive from the trial court."). These circumstances support the dismissal with prejudice of Plaintiff's claims under Rule 41(b).

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that this civil action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Clerk is **DIRECTED** to dismiss this civil action from the Court's active docket, and to transmit a copy of the instant order to counsel of record and any unrepresented party.

ENTERED:   June 10, 2025

_____
Dwane L. Tinsley
United States Magistrate Judge